

# The Attorney General of Texas

October 12, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Lynn Brown, Administrator
Texas State Board of Plumbing
  Examiners
P. O. Box 4200
Austin, Texas   78765

Opinion No. JM-210

Re: Authority of a municipality
to impose a registration fee on
plumbers

Dear Mr. Brown:

You have informed this office that several cities in Texas have passed city ordinances requiring persons licensed as plumbers to pay a "registration fee" as a condition precedent to engaging in the practice of plumbing in that city. In connection with this, you have asked this office the following questions:

> 1. Do such registration fees constitute a form of licensure?
>
> 2. Are these registration fees 'occupation taxes,' as set forth in Attorney General Opinion V-428 (1947)?
>
> 3. Are the registration fees a valid requirement in light of the Plumbing License Law, article 6243-101, V.T.C.S.?

In order for such a fee to constitute a licensure, it must confer a right to a deserving individual that would be denied to all others. See City of Fort Worth v. Gulf Refining Co., 83 S.W.2d 610, 617 (Tex. 1935). Thus, a license will allow a person to practice a trade which he could not practice without such a license. See Hoefling v. City of San Antonio, 20 S.W. 85, 87 (Tex. 1892). For such a fee to constitute an occupation tax, however, it must be levied primarily for the purpose of raising revenue. See City of Fort Worth v. Gulf Refining Co., supra; Attorney General Opinion V-428 (1947).

Therefore, the answers to your first two questions depend upon whether these ordinances confer an occupational right to an individual who wants to engage in the profession of plumbing, or whether these ordinances are revenue raising devices. You have supplied this office with two ordinances from cities in Texas: one provides for a registration fee for plumbing contractors; the other provides that an organization consisting of licensed plumbers who wish to do business must first register with the city. Although both ordinances charge

small fees for registration, we are of the opinion that this is immaterial to our findings. See City of Fort Worth v. Gulf Refining Co., supra. We conclude, therefore, that these ordinances are, in effect, licensing fees.

Article 6243-101, V.T.C.S., ("Plumbing License Law") was enacted in 1947. This act created the State Board of Plumbing Examiners, thus taking away much of the authority to regulate the plumbing occupation from cities. See Attorney General Opinion V-549 (1948). The Texas State Board of Plumbing Examiners is the sole licensing agency for plumbers, thereby excluding this authority from all municipalities. Attorney General Opinion V-428 (1947). Because the board has exclusive jurisdiction over the licensing of plumbers, any municipal regulations which conflict with the board's responsibilities are invalid under section 15 of the Plumbing Licensing Law. Attorney General Opinions V-1217 (1951); V-720 (1948); V-333 (1947). See also Attorney General Opinion MW-545 (1982).

This office has previously considered a problem similar to this question. Attorney General Opinion V-1217 (1951) dealt with several municipal requirements that required plumbers to post indemnity bonds before engaging in specified plumbing work. One such ordinance, for example, required plumbers to post a bond before that plumber could engage in his profession. The opinion made the following observation:

> The Board's responsibilities deal primarily with the personal fitness and skill of individual plumbers. The 'license' which it grants and its authority to promulgate rules respecting the licensing of plumbers are intended to cover the subject of skill and personal fitness of plumbers and matters incidental thereto. Cities may not invade that field. Neither may the Board invade the field reserved for municipal regulation.

The opinion went on to conclude that a city may require a bond under its authority to prescribe the terms and conditions for the granting of a "permit" under the terms of Section 15, and that the Board has no jurisdiction over that subject matter. The distinction between these two statements is clear: the Board may regulate the plumbing occupation in its licensing procedures; a city may only regulate certain specific acts of plumbers, as set forth in section 15 of the Plumbers License Law. See Attorney General Opinion V-549 (1948). See also Attorney General Opinion V-720 (1948). However, cities may require plumbing organizations to register with the city before engaging in the business of plumbing. For example, home rule cities may "license any lawful business, occupation or calling that is susceptible to the control of the police power." V.T.C.S. art. 1175.23. This includes the business of plumbing. See Trewitt v. City of Dallas, 242 S.W. 1073, 1077-78 (Tex. Civ. App. - Dallas 1922, no writ).

Therefore, it is our opinion that ordinances which regulate the profession or occupation of plumbing infringe upon a function conferred solely to the Texas State Board of Plumbing Examiners by the Plumbing License Law and are invalid. However, ordinances which require the registration of plumbing businesses as a condition precedent to engaging in the profession are valid.

## S U M M A R Y

A municipal ordinance which purports to confer an occupational right to an individual, and is not designed for the sole purpose of raising revenue, is a license fee. A municipal ordinance which regulates the profession or occupation of plumbing infringes upon a function conferred solely to the Texas State Board of Plumbing Examiners by the Plumbing License Law, article 6243-101, V.T.C.S., and is invalid. An ordinance which requires the registration of a plumbing business as a condition precedent to engaging in the profession is valid.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton